## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES W. BAXTER,

   Plaintiff,

    v.

WEXFORD HEALTHCARE,

   Defendant.

Civil Action No. 16-291 Erie

ORDER ADOPTING REPORT AND
RECOMMENDATION.

## I.  INTRODUCTION

Before the Court is the Report and Recommendation of Magistrate Judge Baxter (Doc. No. 16), which recommends that the Court deny the motion for temporary restraining order (Doc. No. 6). After reviewing the Report and Recommendation, Petitioner's objections (Doc. No. 18), and the relevant filings and legal authorities, the Court ADOPTS Magistrate Judge Baxter's Report in its entirety.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Charles W. Baxter ("Plaintiff"), acting *pro se*, filed this civil rights action on November 30, 2016. Plaintiff alleges that Wexford Healthcare, the only named defendant to this action, has committed medical malpractice against him. This allegation is based on three grounds. First, Plaintiff alleges that Wexford reduced Plaintiff's diet to 2400 calories, causing him to drop from 185 to 167 pounds. Second, Plaintiff alleges that Wexford withheld his blood pressure medication from him, and his blood pressure rose to an extreme level. Third, Plaintiff alleges that Wexford failed to treat his shoulder pain, which arose after he fell from his bed on the top bunk. (Doc. No. 3).

1

Additionally, Plaintiff has filed a motion for a temporary restraining order against Officer Kendziora, for conduct that arises out of his complaint against Wexford. In his motion, Plaintiff alleges that Officer Kendziora heard about Plaintiff's complaint against Wexford and threatened to "[take] care of [him]" if he heard anything else about the matter. (Doc. No. 7). Plaintiff also claims that Officer Kendziora threatened him with, "over-[excessive] punishment." (Doc No. 6).

The court held an evidentiary hearing on this matter February 2, 2017.

## III. DISCUSSION

Temporary injunctions, including temporary restraining orders, are "extraordinary and drastic [remedies]… that should not be granted, unless the movant by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citing § 2948 Grounds for Granting or Denying a Preliminary Injunction, 11A Fed. Prac. & Proc. Civ. § 2948 (3d ed.)). Before issuing a temporary restraining order, a court must consider four factors: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the nonmoving party; and 4) the public interest favors such relief." *Bimbo Bakeries USA, Inc. v. Botticela*, 613 F.3d 102, 109 (3d Cir. 2010) (quoting *Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010)). *See also* Fed. R. Civ. P. 65. If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then preliminary injunctive relief cannot be granted. *Marxe v. Jackson*, 833 F.2d 1121, 1123 (3d Cir. 1987).

The Third Circuit "has placed particular weight on the probability of irreparable harm and the likelihood of success on the merits." *Ortho Biotech Prods., L.P. v. Amgen Inc.*, No. 05-4850, 2006 WL 3392939, at *5 (D.J.N. Nov. 21, 2006) (quoting *Appollo Tech. Corp. v. Centrosphere Indus. Corp.*, 805 F. Supp. 1157, 1205 (D.N.J. 1992)). In fact, irreparable injury is most significant

2

and must be present for a court to issue a preliminary injunction. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989).

In the instant case, the plaintiff is not entitled to a temporary restraining order. To grant a preliminary injunction there must be "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Ball v Famiglio*, 396 Fed. App'x. 836, 837 (3d Cir. 2010) (quoting *Little v Jones* 607 F.3d 1245, 1251 (10th Cir. 2010)). Here, the complaint is against Wexford Healthcare, who allegedly committed medical malpractice, yet Plaintiff seeks an injunction against Officer Kendziora. The lack of connection between the requested injunction and Plaintiff's complaint is enough to deny the injunction. *See id*. However, in response to Magistrate Judge Baxter's Report and Recommendation, Plaintiff requests that his motion be severed from the instant case, and instead be attached to another action, civil action 17-16, in which plaintiff has filed a complaint against Erie County Prison, which implicates Officer Kendziora. (Doc. No. 18).

While it is true that attaching the request for an injunction to the Plaintiff's complaint against the prison would be more suitable, it ultimately does not matter. Plaintiff has not shown the overall need for an injunction. Moreover, a consideration of the four factors for preliminary injunctions do not indicate that Plaintiff should be awarded a temporary restraining order.

First, Plaintiff has not demonstrated a likelihood of success on the merits. All Plaintiff has offered are vague statements and alleged threats made by Officer Kendziora, warning Plaintiff that he would punish him for requesting medical services (Doc. No. 7). This evidence is insufficient to show that Plaintiff will succeed on the merits of the case. In objection, Plaintiff attempts to bolster his claim, but again offers little evidence, saying that he is being "[punished] for a threat against Officer [Kendziora] with a lawsuit." (Doc. No. 18). This information is still insufficient for Plaintiff to prevail. The Third Circuit has repeatedly held that verbal threats

alone do not constitute adverse action for the purposes of establishing a *prima facie* retaliation claim. *Chruby v. Kowaleski*, 534 F. App'x 156, 161 (3d Cir. 2013); *Dunbar v. Barone*, 487 F. App'x 721, 723 (3d Cir. 2012) (affirming summary judgment for Defendants where Defendants allegedly threatened Plaintiff by telling him that he was a "marked man" and that his "days were numbered"); *Burgos v. Canino*, 358 F. App'x 302, 306 (3d Cir. 2009) ("Mere threats do not constitute retaliation."); *Booth v. King*, 228 F. App'x 167 (3d Cir. 2007) ("Absent any allegation of physical harm, the defendants' verbal threats do not amount to a constitutional violation.").

Second, it is not clear that Plaintiff will suffer irreparable harm if the injunction is denied. Officer Kendziora has not harmed Plaintiff in any way, nor has plaintiff provided evidence that there is an imminent threat of harm. Additionally, in Plaintiff's motion hearing, there is evidence that Plaintiff was transferred to a different part of the prison, isolating him from Officer Kendziora. ("So, therefore in order to ensure that there is no contact between Mr. Baxter and Officer Kendziora Mr. Baxter was transferred to F pod.") (Doc. No. 18). Moving Plaintiff nullified any threat that Officer Kendziora may have posed.

The third and fourth factors also disfavor Plaintiff. These factors, that granting relief will not result in even greater harm to the nonmoving party, and that public interest favors relief, are especially important in light of 18 U.S.C.A § 3626 (a)(1)(A) (In the correctional context the court shall give substantial weight to any adverse impact on public safety or the operation of the criminal justice system caused by the relief). It is unclear exactly what kind of relief Plaintiff seeks with respect to Officer Kendziora, but awarding him a traditional restraining order will make it very difficult for Officer Kendziora to effectively do his job. Impeding the work of correctional officers certainly has an adverse impact on the operation of the correctional system.

4

The Plaintiff also raises an objection about being placed in the maximum security block (Doc No. 18). He requests that he be moved back to the general population pod, and put in a lower bunk bed. (Doc No. 15). Plaintiff alleges that Officer Kendziora put him in the maximum security block "hoping [he] would get hurt by another prisoner." (Doc No. 18). There is no evidence in the record that supports Plaintiff's claim. In fact evidence indicating the opposite exists. *Id.* (showing that Plaintiff was moved to ensure he would have no further contact with Officer Kendziora). Plaintiff also mentions that he has a medical issue that makes climbing to the top bunk very dangerous. However, this claim too is contradicted by evidence from Plaintiff's motion hearing. The Medical Department has repeatedly examined Plaintiff and found that he does not need "bottom tier status." (Doc No. 15). Moreover, the Supreme Court has ruled that management decisions by prison administrators deserve a great amount of deference. *Beard v. Banks*, 548 U.S. 521 (2006); Wolfe v. McDonnell, 418 U.S. 539, 566 (1974). In the absence of strong evidence substantiating Plaintiff's allegation, this Court must give deference to the management decisions of the prison.

Finally, Plaintiff requests injunctive relief against Wexford Healthcare. In order to succeed on this motion, Plaintiff must show that Wexford Healthcare acted "deliberately indifferent to a prisoners' serious medical needs." *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017). Here, there is evidence that the medical staff examined Plaintiff a number of times, and Plaintiff admits that he was given medication for his ailments. (Doc No. 15). Here, Plaintiff objects that other inmates are allowed to see outside doctors. (Doc. No. 18). Yet, "it is well established that disagreements over medical judgment do not amount to an Eighth Amendment claim." *Soto-Muniz v. Martin*, 665 Fed. App'x. 226, 228 (3d Cir. 2016). Simply because Plaintiff did not agree with his treatment does not give rise to an Eighth Amendment claim. Additionally, "Prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993). Wexford's treatment decisions of Plaintiff must be respected here.

# IV.    CONCLUSION

For the foregoing reasons, the Court hereby DENIES Petitioner's motion for a temporary restraining order (Doc. No. 6).

Dated this 27th day of June, 2017.

Barbara Jacobs Rothstein
U.S. District Court Judge